IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN N. SHELTON, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 22-1780 |
| BOARD OF PROBATION & PAROLE, | : |
| ET AL. | : |

**ORDER**

**AND NOW** this 29th day of September, 2023, upon consideration of Petitioner Norman N. Shelton's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ("Petition," ECF No. 1); Petitioner's Amended Brief in Support of the Petition (ECF No. 13); Respondents' Answer to Petition for Writ of Habeas Corpus (ECF No. 15); the Report and Recommendation of the Honorable Scott W. Reid (ECF No. 16); Petitioner's "Rebuttal to Respondents' Motion Answer to Petition for Writ of Habeas Corpus" (ECF No. 17); and Petitioner's "Motion of Rebuttal to Defendants' Report and Recommendation," which the Court construes as Petitioner's objections to the Report and Recommendation (ECF No. 18); and after a thorough and independent review of the record, it is **ORDERED** as follows:

1. Petitioner's objections to the Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. The Petition for a Writ of Habeas Corpus is **DISMISSED** in part and **DENIED** in part for the reasons stated in the Report and Recommendation.

3. There is no probable cause to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that:

1. The Petition for Writ of Habeas Corpus having been dismissed and denied, Petitioner's Motions for Appointment of Counsel (ECF Nos. 3, 20) are **DENIED**.[1]

2. The Clerk of Court is **DIRECTED** to serve copies of this Order and of the filings docketed at ECF Nos. 16, 17, 18, 19, and 20 upon Petitioner at his address listed on the docket and in Petitioner's *pro se* submissions.

3. Petitioner's "Motion of Notice" (ECF No. 19) is **DISMISSED** as moot.

**IT IS SO ORDERED.**

                                      **BY THE COURT:**

                                    */s/ R. Barclay Surrick*
                                    **R. BARCLAY SURRICK, J.**

---

[1] The Court further notes that there is no constitutional right to appointed counsel in a federal habeas corpus case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).